IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roger Allen Kirby, | ) | C/A No. 0:12-3227-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Sgt. Keith McBride; James Bar; Major James | ) | |
| C. Dean; and Lt. Jack Brown; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Roger Allen Kirby ("Kirby"), a self-represented state prisoner, filed this action

pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. This matter is before the

court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and

Recommendation on the defendants' motion to dismiss. (ECF No. 24.) Pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), Kirby was advised of the summary judgment and dismissal

procedures and the possible consequences if he failed to respond adequately to the defendants'

motion. (ECF No. 25.) Kirby filed a response in opposition and a motion in which he requests that

his claim not be dismissed (ECF No. 27), to which the defendants' replied (ECF No. 36). Having

carefully considered the parties' submissions and the applicable law, the court concludes that the

defendant's motion should be granted and Kirby's motion should be denied.

**BACKGROUND**

Kirby, who is incarcerated at Lee Correctional Institution ("Lee"), alleges that while housed

in the "super max" unit the water to his cell was turned off. (ECF No. 1 at 3.) He alleges that he

subsequently passed out due to dehydration and injured himself. (Id.) He further alleges that

*PJG*

although he complained to the defendants about the lack of water, his water was not fixed. (Id. at 3-4.)

## DISCUSSION

### A.      Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

PJG

to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.      Exhaustion of Administrative Remedies**

The defendants move for dismissal on the ground that Kirby failed to exhaust his administrative remedies before filing the instant lawsuit. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740-41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See generally id. Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002))



(emphasis in original).  Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion."  Jones v. Bock, 549 U.S. 199, 218 (2007).  The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies.  Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

The face of Kirby's Complaint shows that he did not properly exhaust his available administrative remedies.  Kirby acknowledges in his Complaint that he filed with the prison his first Step 1 grievance concerning his allegations on August 9, 2012, and that as of the date he filed the instant Complaint—November 6, 2012[1]—he had not received a response.  (ECF No. 1 at 2.)  In his May 2013 response in opposition to the defendants' motion, Kirby further acknowledges that he received a response to his Step 1 grievance in November 2012 and that he then filed a Step 2 grievance and was still awaiting a response.  (ECF No. 27 at 1-2.)  The defendants argue that Kirby prematurely filed the instant lawsuit and provide affidavit testimony from Ann Hallman, the inmate grievance branch chief for the South Carolina Department of Corrections, who avers that Kirby first filed a Step 1grievance on August 31, 2012 complaining of a lack of water supply to his sink; that Kirby's Step 1 grievance was denied on November 15, 2012; and that Kirby then filed a Step 2 grievance which is still pending.  (Hallman Aff. ¶¶ 4, 9-10, ECF No. 24.1.)  It is therefore clear from the plaintiff's filings and the defendants' showing that Kirby failed to fully and properly exhaust his administrative remedies before filing this matter.  See, e.g., Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (collecting cases and recognizing "the holdings of many of our sister circuits that permitting exhaustion pendente lite undermines the objectives of section 1997e(a) and that the

---

[1] See  Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



language of section 1997e(a) clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal of such actions rather than issuing continuances so that exhaustion may occur"). Accordingly, the defendants are entitled to dismissal without prejudice based on Kirby's failure to exhaust properly his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before commencing this lawsuit.

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion to dismiss (ECF No. 24) be granted and Kirby's motion (ECF No. 27) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 3, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).